WHITEHEAD v. THORP AND FALLIS, Administrator.

1 Appeal bond: INFORMALITY. An appeal bond which is broad enough to charge the appellant and his sureties is sufficient, though it does not strictly conform to the requisites of the statute.

2. Appeal from County Court · STATUTE REQUIREMENTS. Section 267, Revision of 1860, regulating appeals from the County Court, does not require the appeal bond to be filed ten days before the sitting of the District Court, but that the appeal be taken to the next District Court if there be ten days intervening.

3. —— FAILURE TO RETURN TRANSCRIPT. If the appellant complies with the requirements of the statute, by duly claiming the appeal, and filing the appeal bond, the failure of the county judge to return the transcript to the succeeding term of the District Court will not vitiate the rights of the appellant, and constitutes no cause for a dismissal of the appeal.

*Appeal from Warren District Court.*

SATURDAY, JUNE, 29.

ON the 1st of February, 1858, A. G. Ege made his note of $227 to Henry C. Thorp, payable on the 1st of May following. This note has upon it a guarantee of the following purport :

" I guarantee the collection of the within note."
(Signed)    HENRY C. THORP."

In the month of March, 1860, the plaintiff sued Ege, the maker, on this note, in Doniphan county, Kansas Territory, which resulted in a judgment for the defendant. After this, in November, 1864, the plaintiff filed a transcript of the judgment and proceedings aforesaid, together with the note, before the County Court of Warren county in this State, and swore to the same, as a claim against the estate of Henry C. Thorp, deceased, the guarantor of said note, and notified the defendants of that fact, who were the administrators of the estate. They appeared and resisted the allowance of the claim on several

VOL. XXII.—54

grounds, which need not be stated, as no question arises on the same. On the 5th of February, 1866, a hearing was had upon the claim and the defenses set up, resulting in a rejection of the same. The plaintiff appealing, executed an appeal bond, and had the same filed on the 23d of the same month. A transcript of the proceedings was filed on the 6th of July following, in the office of the clerk of the District Court; and at the August Term thereafter, a motion to dismiss the appeal was made, based upon two grounds, namely: The insufficiency of the appeal bond; and secondly, because the plaintiff had not perfected his appeal in time to have the cause tried at the February Term of the District Court, which commenced its session on the 26th of February, 1866. This motion was sustained, the appeal dismissed, and the plaintiff excepting, appeals.

*Todhunter & Williamson* for the appellant.

*P. Gad Bryan* for the appellee.

Lowe, Ch. J.—It is our opinion that the appeal was dismissed for insufficient reasons. The bond, although not

1. Appeal BOND : informality. in strict conformity with the requisites of the statute, contained a covenant sufficiently broad to charge the appellant and his sureties with all the costs which would accrue from an unsuccessful prosecution of an appeal, which was all that was necessary or could be required in this case.

Ordinarily, under *section 267* of the Revision, the appellant has thirty days from the date of the decision

2. Appeal FROM COUNTY COURT: statute requirements. within which to take the appeal; but the same section provides that the appeal shall be taken to the next District Court if ten days intervene between the date of the judgment and the day of the sitting of the District Court. There were twenty-one

days, and within that time the appeal was taken; and it was taken and perfected in the manner prescribed, namely, by claiming the same, and filing in the county office the appeal bond, which was duly approved. The statute does not require the bond to be filed ten days before the sitting of the District Court, but that the appeal should be taken to the next District Court if ten days should intervene between the date of the decision in the County Court and the day of the sitting of the District Court.

In this case the appellant literally complied with the requirements of the statute, and, so far as he was con-
3. —— failure cerned, had a right to a stand in the District
to return
transcript. Court. But the county judge did not send up the transcript till the 6th day of July following, which was, however, some time before the succeeding term of the District Court, which sat in August thereafter, and this was as soon as the appellee could have been compelled to go to trial. If, therefore, there was any negligence in getting the transcript up in time for a trial at the first term, it must be placed at the door of the county judge, and not that of the appellant. So far as we can discover, the appellant acted in the premises with entire good faith, and is entitled to a hearing on his appeal, and the order dismissing the same will be

Reversed.